# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| GARY N. WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV613-065 |
| PROBATE COURT, COUNTY OF EMANUEL, STATE OF GEORGIA, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* but having paid this Court's filing fee, Gary N. Wilson sues the Emanuel County, Georgia Probate Court. Doc. 1. A key allegation:

> On or about June 20, 2011, Plaintiff was involuntarily hauled before the Probate Courts of Emanuel County, as presided over by Probate Court judge the Hon. Larry Threlkeld. This hearing was instigated to determine whether or not a guardian should be appointed over Mr. Wilson and whether the Plaintiff should be involuntarily committed under Georgia Statutes § 37-3-1.

*Id.* at 2 ¶ 7.

Wilson says he warned the judge that those seeking to commit him stood to financially gain from that result, that his assets would be

imperiled, *id.* ¶ 8, and that counsel for the moving parties had a "fatal conflict of interest." *Id.* ¶ 11. Ignoring those warnings the judge committed him to a psychiatric facility. *Id.* at 3 ¶ 13. All that plaintiff had warned of has since happened, causing devastating losses. *Id.* ¶ 14. He seeks money damages from the County for violating his due process rights, presumably (he does not say) under 42 U.S.C. § 1983. *Id.* at 4-5.

Citing lack of service and judicial immunity, the County moves to dismiss. Doc. 4. In that Wilson has failed to respond, the motion is unopposed under Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Even assuming Wilson served the County, his case is dead on arrival. He cannot sue the judge because he is immune from suit:

> The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U.S. 219, 227–229 (1988); *Paisey v. Vitale in and forBroward County*, 807 F.2d 889 (11th Cir.1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Id.* at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir.1986).

*Bedwell v. Hand*, 2009 WL 1151862 at * 1 (M.D. Ala. Apr. 29, 2009). And since the judge can't be sued, neither can his perceived employer, the

2

County. Wilson could not sue the County in any event. *Snow ex rel. Snow v. City of Citronelle, AL*, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior.").

Accordingly, the County's motion to dismiss (doc. 4) must be **GRANTED,** and plaintiff's case must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED,** this 19th day of August, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA